# A. C. Scott, Plff. in Err., v. William Hart to Use of N. P. Fassett.

Testimony that the maker of a note made declarations to the holder by which he is estopped from pleading offsets is legitimately corroborated by testimony of another witness that the maker made like declarations at a subsequent time to the witness.

If the maker of a note, by means of declarations, made to an intending purchaser, that he has no defense to the note, induces the latter to purchase it, he will be estopped from setting up a matter of defense or offset which he may have had.

(Decided May 24, 1886.)

Error to the Common Pleas of McKean County to review a judgment for plaintiff in an action upon a judgment note. Affirmed.

A. C. Scott purchased of William Hart an oil property leasehold for $10,000, for which he gave eight judgment notes for $1,000 each, and one for $2,000 secured by mortgage upon the

NOTE.—The same rule of estoppel applies in case of mortgages where there is a declaration of no defense or set-off (Hutchinson v. Gill, 91 Pa. 253; Robertson v. Hay, 91 Pa. 242; Scott's Appeal, 123 Pa. 155, 16 Atl. 430); or in case of a judgment (Humphrey v. Tozier, 154 Pa. 411, 26 Atl. 542; Wilcox v. Rowley, 20 W. N. C. 269); or if a receipt acknowledging the payment of money be given to a third party, whereby the debtor is induced to pay, though the third party fails to account (Schroeder v. Waters, 173 Pa. 422, 34 Atl. 217; Atkins v. Payne, 190 Pa. 5, 42 Atl. 378).

property, upon the representation that the property was free and clear of encumbrances, except one mortgage which would be paid.

This encumbrance was not paid, and Scott was compelled to pay the same.

Hart assigned some of the notes to W. F. Corey for a valuable consideration, and among them the $2,000 note which was subsequently assigned to N. P. Fassett.

All of the notes were paid except the last, and judgment was entered upon that.

This judgment was subsequently opened, and defendant set up as a defense his payment of the $2,500 encumbrance as above.

On the trial of the case Corey claimed to have had a conversation with Scott before he purchased any of the notes, in which, as he alleges, Scott said he had no defense to the notes. This was denied by Scott and was the question of fact at issue. In support of Corey's testimony the court admitted in evidence the deposition of W. T. Coleman, to the effect that such statement had been made by Scott. This testimony was objected to upon the ground that it pertained to other notes than the one in suit. The objection was based upon the fact that the conversation testified to by Coleman was two months after the conversation of Corey with Scott, and was not in reference to it, and was not as to the note in suit, but to a separate transaction, and was but a declaration in the presence of Corey, and not to him.

The following are portions of the charge given in the court below, by OLMSTEAD, P. J.: The plaintiff in the trial of the cause before you gives in evidence this judgment and rests. That, under the issue, made his case. If there had been no further showing in the case, nothing else needed to have been done to entitle the plaintiff to recover in the case. But the defendant alleges a certain state of facts in relation to the original transaction, which, as between those parties, constitutes a good and sufficient defense to the payment of this judgment. This note was not a negotiable note, and the same defense could be made

against its collection in the hands of Corey or Fassett that could be made against it in the hands of Hart, the payee, if there was nothing further in the case.

But the plaintiff Fassett replies to the defense, which otherwise would be good, that the defendant, by his declarations made to Corey before Corey purchased the note in suit, has placed himself in such a position as equitably to estop him from setting up this defense against the payment of this judgment to Fassett or to Corey. This is the turning or pivotal point in this case. The rule of law is that where one of the two innocent parties must suffer, the one must be he whose acts or declarations caused the suffering or loss.

[This will be a hard case for Scott, if he has to pay the Hart judgment, against which he had a good defense; and it will be equally hard for Fassett if he loses the judgment on the strength of statements made to Corey by Scott and by Corey to him, by which he was induced to purchase this note.]

Therefore the suffering should fall upon him whose act or declaration caused the loss. Now, did Scott make such declarations to Corey as placed Corey or Fassett in the position in which they find themselves? Was the purchase of this note by Corey from Hart induced by the representations of Scott, made before the purchase, that the note was all right and that he had no defense? If Scott did so represent, and the purchase for a valuable consideration was made upon the faith of such representation, then the defendant is estopped from setting up this defense, and your verdict must be for the amount of this judgment and the interest.

[The solution of this question depends upon the testimony of Corey as corroborated by Coleman, upon the one hand, and the testimony of Scott, the defendant, upon the other hand.]

[Corey says that on the application of Hart to him for the discounting of these notes he went to Scott and told him what Hart had said, and asked Scott if the notes were all right and if he had any defense to them. Now when the question was put to Scott, he was called upon to answer it or to refuse.]

If Scott had remained silent, Corey would have got no advantage by this application. If he had said to him: " I don't

know whether I have a defense or not; if it turns out hereafter that I have, I shall assert it; if you buy these notes you must buy them at your own risk; they are all right as far as I know, but if I do have a defense I shall assert it,"—then Corey could have taken no advantage of the position in which he was. But what did he say? Corey testifies that Scott said that they were all right; there was no defense to them; and Corey then states that on the faith of these declarations he purchased from time to time some four of these notes, including the one on which this judgment is entered, although this one was the last one purchased. Coleman's deposition was read to corroborate Corey, for Corey states that he sought to rediscount the first of these notes to Coleman, and that he and Coleman went back to Scott and made inquiries in reference to it. Coleman swears that he went with Corey and inquired about the notes, and Scott said that he had no defense.

The testimony corroborates to a considerable extent the testimony of Corey. On the other hand, Scott swears that Corey did not call upon him, and that he made no declarations to him that he had no defense. He says he did not know that Corey had the note or notes until he called on him for the payment of the first note, but that Coleman came to him, and was introduced by Corey, and inquired about one of the notes (not the one in controversy) and inquired if he had a defense; and he told him it was all right so far as he knew. He says that at this conversation Corey said nothing, and that he never had any conversation with Corey about the notes.

[It would be unjust and inequitable that Scott should be allowed to set a trap in which Corey might fall, and then come in here after Corey has placed himself in that position on the strength of it, and avail himself of the defense that existed prior to Corey's purchase.]

[This depends on the testimony of these three witnesses bearing on this question,—Corey and Coleman on the one hand, and Scott on the other hand. If you believe the testimony of Corey and Coleman, then we say to you that the plaintiff is entitled to recover the amount of this judgment unpaid and the interest upon it.]

If you believe the testimony of Scott, that he did not make any such representations as these to Corey, and that he did not in any way induce Corey by declarations to become the purchaser of this note, then we say to you that your verdict must be for the defendant.

The jury returned a verdict for plaintiff; and from the judgment entered thereon defendant took this writ, assigning for error the admission in evidence of Coleman's deposition and the portions of the charge indicated by the brackets.

*W. B. Chapman* and *John B. Chapman,* for plaintiff in error. —The evidence offered was not part of the matter under investigation, and should have been excluded. Young v. Com. 28 Pa. 501; Duvall v. Darby, 38 Pa. 56.

Declarations, to become part of the *res gestæ,* must have been made at the time of the act done, which they are supposed to characterize, and must have been calculated to unfold the nature and quality of the facts they were intended to explain. Grim v. Bonnell, 78 Pa. 152.

In order that a declaration may operate as an estoppel it must be made to him who acts upon it, and who, after the exercise of diligence, has reason to rely upon it as true, and is thereby induced to do what he otherwise would not have done. Mecouch v. Loughery, 35 Phila. Leg. Int. 222.

When the charge as a whole tends to mislead the jury it is error. A charge which misleads differs from a mere omission to instruct. Pennsylvania R. Co. v. Berry, 68 Pa. 272.

A new trial will be granted for a charge that, if the jury believed the testimony of a certain witness, they ought to find for the defendant, other evidence having been offered. Hilliard, New Trials, 2d ed. 362, § 140. Tufts v. Seabury, 11 Pick. 140; Dolan v. Delaware & H. Canal Co. 71 N. Y. 285; Garrett v. Gonter, 42 Pa. 143, 82 Am. Dec. 498; Chapman v. Erie R. Co. 55 N. Y. 587; Canfield v. Baltimore & O. R. Co. 14 Jones & S. 238.

*T. B. Smiley* and *T. A. Morrison,* for defendant in error.—

If the assignee of a bond is induced to foreclose it in consequence of representations made by the obligor that he has no defense and is willing to pay it, the obligor cannot set up against the assignee any equity of which he might have availed himself against the obligee, even though such communications were not made to the assignee or his agent, but merely communicated to another in his presence or hearing. M'Mullen v. Wenner, 16 Serg. & R. 18, 16 Am. Dec. 543; Snyder v. O'Connell, 1 W. N. C. 84.

SHARSWOOD, J., in the case of Burns v. Ashton, 4 Brewst. (Pa.) 151, says: "I am not prepared to hold with the learned master that a declaration of no defense or set-off on a mortgage only avails the assignee to whom it is given. Why should he not be able to put someone else in his place? A purchaser for value with notice may protect himself under the equity of a prior purchaser without notice. It would much interfere with the value of mortgages as marketable securities to hold otherwise. If the purchaser from the assignee must obtain a new declaration, the assignee might find the market closed on him. He could not sell if the mortgagor should refuse to give the declaration. What benefit would this be to the mortgagor? The assignee, by proceeding on the mortgage, could preclude him from any defense by the use of the estoppel."

PER CURIAM:

It was not error to admit the deposition of Coleman. It certainly tended to corroborate the evidence of Corey. The other specifications of error relate to the charge of the court. While some portions thereof may be open to criticism, yet, taken as a whole, it presents the case fairly to the jury. We do not think it is either misleading in its effect, or partial in its character.

Judgment affirmed.